565 F.2d 908
 Texas ACORN and Dini Turley et al., Plaintiffs-Appellees,
v.
TEXAS AREA 5 HEALTH SYSTEMS AGENCY, INC., Defendant-Appellant,
Joseph Califano, as secretary, U. S. Department of Health,
Education and Welfare, Defendant-Appellant,
Floyd A. Norman, M.D., as Regional Health Administrator,
Public Health Service, etc., Defendant.
 No. 77-1717.
 United States Court of Appeals,
Fifth Circuit.
 Jan. 6, 1978.
 
 Jerry L. Hughes, Dennis R. Swift, Fort Worth, Tex., Roby Hadden, U. S. Atty., Otis W. Carroll, Jr., Asst. U. S. Atty., Tyler, Tex., Henry L. Gilliam, U. S. Dept. of Health, Ed. & Welfare, Dallas, Tex., William Kanter, Atty., Paul Blankenstein, Atty., Harry R. Silver, Atty., Civil Div., App. Sect., Dept. of Justice, Washington, D. C., for defendant-appellant.
 Carl M. Weisbrod, Dallas Legal Services Foundation, Inc., Dallas, Tex., Herbert Semmel, Marilyn G. Rose, Center for Law and Social Policy, Washington, D. C., for plaintiffs-appellees.
 William D. Wells, NAACP, New York City, J. Francis Pohlhaus, NAACP, Washington, D. C., for amicus curiae.
 Appeal from the United States District Court for the Eastern District of Texas.
 ON PETITION FOR REHEARING
 (Opinion September 23, 1977, 5 Cir., 1977, 559 F.2d 1019).
 Before THORNBERRY, AINSWORTH and RONEY, Circuit Judges.
 PER CURIAM:
 
 
 1
 In response to appellees' petition, we write briefly to clarify two points. First, as we stated in our initial opinion, "(t)he amendment to 28 U.S.C. § 1331(a) removes the amount-in-controversy requirement as to the federal defendant but it has no effect on the HSA." 559 F.2d at 1023. This is so whether appellees cast their argument in terms of pendent jurisdiction or in terms of the legislative history of the amendment to § 1331(a). Second, we wish to make clear that on remand the appellees have the opportunity to demonstrate that the harm to the individual appellees exceeded the jurisdictional amount.
 
 
 2
 In all other respects, IT IS ORDERED that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby DENIED.